UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KEVIN HORSEY,

                       Plaintiff,

    -against-

UNITED STATES OF AMERICA; SEVEN CORNERS, INC.,

                       Defendants.

No. 24-CV-5030 (KMK)

ORDER OF SERVICE

---

KENNETH M. KARAS, United States District Judge:

    Plaintiff Kevin Horsey, who is currently incarcerated as a federal prisoner in the Federal Correctional Institution in Otisville, New York, brings this action pro se, asserting claims under the Federal Tort Claims Act and state law. He sues the United States of America and Seven Corners, Inc. By order dated July 5, 2024, the Court granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees.[1] As explained below, the Court directs service on Defendants.

I. Discussion

    Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within ninety days of the date a complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the Complaint and ordered that summonses be issued. The Court therefore extends the time to serve until ninety days after the date summonses are issued.

officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (providing that the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants through the USMS, the Clerk of Court is respectfully instructed to fill out a USMS Receipt and Return form ("USM-285 form") for each Defendant. The Clerk of Court is also respectfully instructed to issue summonses for Defendants and to deliver to the USMS all the paperwork necessary for the USMS to effect service.

If the Complaint is not served within ninety days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## II.  Conclusion

The Court respectfully directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs service on the United States of America and Seven Corners, Inc.

The Court further asks the Clerk of Court to: (1) issue summonses for the United States of America and Seven Corners, Inc.; (2) complete USM-285 forms with the service addresses for the United States of America and Seven Corners, Inc.; (3) mark the box labeled "Check for service on U.S.A." on the USM-285 form for the United States of America; and (4) deliver all

documents necessary to effect service of the summonses and the complaint on the United States of America and Seven Corners, Inc. to the USMS.

    SO ORDERED.

Dated:   September 11, 2024
           White Plains, New York

                                                          KENNETH M. KARAS
                                               United States District Judge

**SERVICE ADDRESSES**

1. Attorney General of the United States
   United States Department of Justice
   950 Pennsylvania Avenue, NW
   Washington, D.C. 20530

2. United States Attorney
   Southern District of New York
   Civil Division
   86 Chambers Street, 3rd Floor
   New York, New York 10007

3. Seven Corners, Inc.
   303 Congressional Boulevard
   Carmel, Indiana 46032